UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHANCERY STAFFING SOLUTIONS, LLC,<br><br>         Plaintiff,<br><br>   v.<br><br>VIEW, INC.,<br><br>         Defendant. | Case No. 26-cv-00320-NW<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF No. 11 |

Defendant View Operations, LLC moves to dismiss Plaintiff Chancery Staffing Solutions, LLC's complaint for lack of subject matter jurisdiction. ECF No. 11 ("Mot.").[1]

The Court finds this matter suitable for disposition without oral argument and VACATES the June 3, 2026 hearing. Civ. L.R. 7-1(b). Having considered the parties' arguments and the relevant legal authority, the Court GRANTS View Operations' motion for the reasons set forth below.

I.      BACKGROUND

On January 12, 2026, Plaintiff sued View, Inc., asserting claims for breach of contract and account stated. ECF No. 1 ("Compl."). The complaint alleges "[u]pon information and belief, [that] Defendant View[, Inc.] is a corporation organized under the laws of the State of Delaware, with its principal office located at . . . San Jose, CA[.]" *Id.* ¶ 4.

The complaint also invokes diversity jurisdiction:

> [t]his Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between the parties, as Plaintiff is a limited liability company

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

organized under the laws of the State of Nevada, with its sole member incorporated in the State of Nevada and having its principal place of business located in the State of New York, and Defendant [View, Inc.] is incorporated in the State of Delaware and its principal place of business is located in the State of California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

*Id.* ¶ 6.

On March 13, 2026, the parties entered into a stipulation "clarifying Defendant's corporate identity," in which they explained that, "[o]n May 22, 2024, View, Inc. executed a Certificate of Conversion to convert View, Inc., a Delaware corporation, into View Operations, a Delaware limited liability company, pursuant to Section 18-214 of Title 6 of the Delaware Code." ECF No. 8. "View Operations . . . stipulate[d] that service on View, Inc. was effective to constitute service on its legal successor View Operations," and " the parties agree[d] that all allegations as to View, Inc. shall be deemed to also be allegations as to View Operations." *Id.* at 2. Plaintiff did not otherwise amend the complaint to replace View Operations as the defendant.

On March 13, 2026, View Operations filed a Certification of Interested Entities or Persons Pursuant to Fed. R Civ. P. 7.1 and Civil L.R. 3-15, which identified ViewTopCo, LLC as its sole member, and listed ViewTopCo's members as of the time View, Inc. was converted to View Operations. ECF No. 9. View Operations further stated that

> View Operations does not maintain records regarding any subsequent transfers of ownership of these holders' membership interests and accordingly is informed and believes that the foregoing list is the current list of members of View TopCo, LLC.

> View Operations does not maintain records of these individuals' and entities' citizenship for purposes of determining federal diversity jurisdiction. View Operations is aware that Cantor Fitzgerald Securities is a corporation having its principal place of business in New York.

*Id.*

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing that the Court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375, 377 (1994). A complaint will be dismissed if, looking at the complaint in its totality, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When a complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). Thus, a district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6). *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride*, 719 F.3d at 1133).

In resolving a factual attack on jurisdiction, the Court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.* (citing *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036 (9th Cir. 2003), 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). While the Court may consider evidence outside the pleadings to resolve a "factual" Rule 12(b)(1) motion, "a [j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone*, 373 F.3d at 1039 n.3 (citing *Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983)) (internal quotation marks omitted).

## III.   DISCUSSION

### A.   Jurisdictional Allegations

View Operations argues that the complaint fails to allege diversity jurisdiction.

"Federal courts are courts of limited jurisdiction," *Kokkonen*, 511 U.S. at 377, and must have subject matter jurisdiction to hear a case. A court may exercise either federal question or diversity jurisdiction. Because Plaintiff alleges state law claims, the suit may proceed in this Court only if Plaintiff establishes diversity jurisdiction. Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners/members are citizens." *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th

United States District Court
Northern District of California

3

Cir. 2018).

The complaint lacks any facts as to the citizenship of View Operations' owners or members and therefore fails to allege complete diversity. *See Deibel Lab'ys of Illinois, Inc. v. Worldwide Express Operations, LLC*, No. 20-CV-05191-JST, 2022 WL 20286695, at *2 (N.D. Cal. Feb. 28, 2022) ("Deibel has not alleged anything about the citizenship of Load One, LLC's members and therefore has failed to plead complete diversity."); *Sixa Operations, LLC v. Minchenko*, No. 19-CV-04219-DMR, 2020 WL 13593704, at *2 (N.D. Cal. Aug. 28, 2020) ("Plaintiff alleges only that it is a Delaware LLC with its principal office in Massachusetts. It does not allege any facts as to the citizenship of its members or officers. If any of Plaintiff's members or officers are citizens of the states where Defendants are citizens, then diversity jurisdiction does not exist. Accordingly, Plaintiff must adequately allege that its members are diverse from all defendants."); *Long v. Forty Niners Football Co. LLC*, No. C-13-2919 EMC, 2013 WL 12155290, at *1 (N.D. Cal. Oct. 23, 2013) ("[B]ecause Plaintiff fails to specifically allege the citizenship of the members of Defendant Forty Niners Football Company, LLC, his complaint does not properly invoke the diversity jurisdiction of this Court.").

Plaintiff contends that View Operations' jurisdictional challenge fails because View Operations has not offered any admissible evidence establishing citizenship. ECF No. 16 ("Opp'n") at 10. In so arguing, Plaintiff mischaracterizes View Operations' motion as a factual challenge. But View Operations contests the sufficiency of the allegations, not their truth. This is a facial attack that requires only an examination of the allegations, not extrinsic evidence. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the *allegations* are sufficient as a legal matter to invoke the court's jurisdiction . . . A factual attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings.") (emphasis added; citation modified).

Plaintiff's argument that View Operations should be estopped from arguing its principal place of business is in New York—where Plaintiff's sole member also has its principal place of business—also fails. Opp'n at 12–15; *see* Compl. ¶ 2 ("Plaintiff's sole member is TransPerfect

Global, Inc., which is a corporation organized under the laws of the State of Nevada with its principal place of business located in the State of New York.").  Plaintiff points to *Island Exteriors Fabricator LLC v. View Operations LLC f/k/a View, Inc.*, No. 26-cv-00566-SIL (E.D.N.Y.), where View Operations represented in a notice of removal that the plaintiff in that matter, a limited liability company with a principal place of business in New York, was diverse from View Operations.  *See* ECF No. 16-1 at 19–20.  This is irrelevant for purposes of a facial attack on jurisdiction which, as explained above, focuses solely on the sufficiency of the complaint's allegations.

As the Court cannot determine whether there is subject matter jurisdiction, the complaint is DISMISSED WITH LEAVE TO AMEND to allow Plaintiff an opportunity to plead facts showing the existence of diversity jurisdiction.

## B.    Jurisdictional Discovery

Plaintiff requests an opportunity to conduct "limited and expedited discovery relating solely to the jurisdictional issues."  Opp'n at 16.  View Operations "provided extensive publicly available material to Plaintiff to demonstrate that there is no diversity jurisdiction here in light of ViewTopCo's members' citizenship," namely, the Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization of View, Inc., and Its Debtor Affiliates, filed on May 19, 2024 as part of View, Inc.'s bankruptcy proceedings. ECF No. 17 (Reply) at 3 (citing ECF No. 16-1 at 5–10, 27); *see In re: View, Inc.*, No. 24-10692 (CTG) (Bankr. D.Del.).

This document, however, is more than two years old.  The Court therefore ORDERS View Operations to provide Plaintiff with an updated list of ViewTopCo's members by **June 12, 2026**. If there are any changes, View Operations shall promptly update its Certificate of Interested Entities and Persons.  Plaintiff's request for interrogatories, requests for production, and a Rule 30(b)(6) deposition is DENIED WITHOUT PREJUDICE.  Plaintiff may renew its request for jurisdictional discovery if, after receiving the updated list of ViewTopCo's members, it believes such discovery is necessary.

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

United States District Court
Northern District of California

5

1.       View Operations' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

2.       View Operations shall provide Plaintiff with an updated list of ViewTopCo's members by **June 12, 2026.**

3.       Plaintiff shall file an amended complaint, if any, no later than **June 26, 2026**.

**IT IS SO ORDERED.**

Dated: May 28, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

6